UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY A. NATZKE
d/b/a Larry Natzke Trucking,

    Plaintiff,

v.                                                            Case No. 17-C-637

PACCAR INC.
d/b/a Kenworth Truck Company,

    Defendant.

## DECISION AND ORDER

Plaintiff Larry A. Natzke filed this action in Wisconsin state court against Defendant PACCAR Inc., alleging violations of the Wisconsin Lemon Law, Wis. Stat. § 218.0171, involving the new 2017 Kenworth T880 chassis Plaintiff purchased from Wisconsin Kenworth. Defendant removed the case to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties successfully negotiated a settlement of the merits of this litigation. Presently before the court is Plaintiff's motion for attorneys' fees and costs, pursuant to Wis. Stat. § 218.0171(7), in the amount of $296,469.50. For the reasons that follow, the motion will be partially granted.

## ANALYSIS

Plaintiff seeks fees under Wisconsin's Lemon Law fee-shifting statute, Wis. Stat. § 218.0171. The parties do not dispute that Plaintiff's motion for an award of attorneys' fees is governed by Wisconsin law. Under Wisconsin law, a court calculates a reasonable fee award using the lodestar method: the number of hours reasonably expended on the work multiplied by a reasonable hourly rate. *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶ 29, 275 Wis. 2d

1, 683 N.W.2d 58. The attorney submitting the fees has the burden of proving the reasonableness of a fee. *Id.* at ¶ 34. Wisconsin Statute section 814.045 provides guidelines for determining the reasonableness of attorneys' fees under fee-shifting statutes like the Wisconsin Lemon Law. Those factors include the time and labor required by the attorney; the novelty and difficulty or the questions involved in the action; the skill required to perform the legal service properly; the likelihood the acceptance of the particular case precluded other employment by the attorney; the fee customarily charged in the locality for similar legal services; the amount of damages involved in the action; the results obtained in the action; the time limitations imposed by the client or by the circumstances of the action; the nature and length of the attorney's professional relationship with his client; the experience, reputation, and ability of the attorney; whether the fee is fixed or contingent; the complexity of the case; awards of costs and fees in similar cases; the legitimacy or strength of any defenses or affirmative defenses asserted in the action; and other facts the court deems important or necessary to consider under the circumstances. Wis. Stat. § 814.045(1).

Plaintiff seeks a total award of $296,469.50 in attorneys' fees and costs. Defendant does not dispute the amount of costs requested and does not dispute that, under the Wisconsin Lemon Law, Plaintiff is entitled to recover reasonable attorneys' fees. Defendant does, however, contend that the amount of fees requested is unreasonable.

First, Defendant argues that the hourly rates sought are unreasonable. Plaintiff requests that the court apply his lawyers' current hourly rates to the entire period as an adjustment for the delay in payment. The hourly rates he seeks include $425 per hour for Attorney Vincent Megna, $490 per hour for Attorney Timothy Aiken, $375 per hour for Attorney Susan Grzeskowiak, and $155 per hour for paralegal time. The Supreme Court has recognized that "[a]n adjustment for delay in payment is . . . an appropriate factor in the determination of what constitutes a reasonable attorney's

fee." *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989). Trial courts may make this adjustment by calculating the amount with "either current rates or past rates with interest." *Mathur v. Bd. of Trustees of S. Ill. Univ.*, 317 F.3d 738, 744–45 (7th Cir. 2003). The court concludes that applying the current hourly rates to account for the delay in payment is appropriate and will now consider the reasonableness of the rates requested.

Defendant asserts that Plaintiff's counsel has failed to present the court with any fee agreement they have entered into with Plaintiff or any client. Although a fee agreement might support the reasonableness of the requested fees, such an agreement is not required. Plaintiff's attorneys have submitted an affidavit demonstrating that the claimed hourly rates are the rates they charge to fee-paying clients and that those rates are routinely paid in most of the automobile warranty claims they have resolved. ECF No. 40 at 3. When an attorney maintains a contingent fee, an attorney's "actual billing rate for comparable work is presumptively appropriate to use as the market rate." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996).

Defendant also argues that Plaintiff's attorneys' rates are unreasonable because its attorneys charge lower rates. But what Defendant pays its counsel is only one consideration. It is not enough to set the market rate for automobile warranty work. Although Defendant's counsel may be paid at a lower rate, that rate is certain. Plaintiff's counsel faced a risk of nonpayment due to the contingent nature of their representation. It was therefore not unreasonable for Plaintiff's counsel to charge a higher rate than Defendant's counsel. Plaintiff has provided additional support for the rates requested by way of declarations from other practitioners declaring that the rates sought by Plaintiff are reasonable and in line with the rates charged by other practitioners. *See Crawford Cty. v. Masel*, 238 Wis. 2d 380, 385, 617 N.W.2d 118 (Ct. App. 2000) (noting that "hourly rates charged by other attorneys of comparable skill can be one indicator of a particular attorney's market rate").

3

Defendant points out that the rates requested by Plaintiff's counsel exceed the rates charged by the other practitioners, but Plaintiff has demonstrated that his counsel has significant experience litigating automobile warranty claims. Attorney Megna has been practicing law for 46 years. He has represented consumers in automobile litigation since 1990 and has resolved over 2,000 automobile warranty claims. Attorney Grzeskowiak has been practicing law for 21 years and has concentrated her practice in automobile litigation since 2000. While the rates charged are slightly higher than average, they are not so high as to fall outside the realm of reason.

Plaintiff also cites cases in which similar rates have been found reasonable and awarded to his attorneys in courts throughout Wisconsin. *See People Who Care*, 90 F.3d at 1312 (noting that "rates awarded in similar cases are clearly evidence of an attorney's market rate"). Those cases include *Mercedes-Benz USA, LLC v. Hinkley*, Case No. 14-CV-9439 (Milwaukee Cty., Wis. July 7, 2017), in which the court approved an hourly rate for Attorney Megna of $395 for non-trial time and $415 for trial time, an hourly rate for Attorney Aiken of $450 for non-trial time and $550 for trial time, an hourly rate for Attorney Grzeskowiak of $345 for non-trial time and $365 for trial time, and an hourly rate for paralegals of $155; and *Klismet's 3 Squares Inc. v. Navistar, Inc.*, No. 12-CV-323 (Waupaca Cty., Wis. Sept. 2, 2014), in which the court approved 2014 hourly rates of $395 per hour for Attorney Megna, $345 per hour for Attorney Grzeskowiak, $400 per hour for Attorney Aiken, at $155 per hour for paralegal work. Although these rates are slightly lower than the rates requested, the court takes into consideration reasonable increases in hourly rates over time. Given that the requested rates are in line with the rates courts have found reasonable as well as the rates charged by other practitioners, the court concludes that Plaintiff has carried his burden to show that his attorneys' hourly rates are reasonable and will award fees based on those proposed rates.

Second, Defendant argues that the hours billed were unreasonable. As an initial matter, Defendant takes issue with the number of attorneys involved in the case. It argues that no work was warranted by Attorney Aiken and that the fees requested for his involvement—$4,336.50 for 8.85 hours of time—should be deducted from Plaintiff's fee request. Plaintiff argues that he requested Aiken's assistance for his experience in cross-examining defense experts at trial in Lemon Law–related cases, and that Attorney Aiken's involvement in the case began just weeks before the trial was scheduled to begin. The court appreciates the desire of Plaintiff to bring in counsel that is more experienced with cross-examining expert witnesses. But the addition of a third attorney is unreasonable here, when Plaintiff was represented by a team of two highly experienced attorneys and when that experience is reflected in the hourly rates charged. In short, the court will deduct the 8.85 hours of Aiken's time as unnecessary.

Defendant has also cited numerous entries that it deems duplicative or unnecessary due to overstaffing. It identifies instances in which multiple attorneys attended vehicle inspections, met with the client and experts, and drafted and reviewed the same documents. The fact that multiple attorneys collaborated on a case is not, by itself, an indication of duplicative work. *See Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988) ("The use of two (or more) lawyers, which solvent clients commonly pay for because they believe extra help is beneficial, may well reduce the total expenditures by taking advantage of the division of labor."). After reviewing the entries identified by Defendant, the court concludes that the vast majority of the time entries represent charges for time that the attorneys reasonably expended on the case. As an initial matter, both Menga and Grzeskowiak intended to try the case. The complex nature of the vehicle itself and its problems therefore warranted Menga and Grzeskowiak's presence at vehicle inspections as well as at

5

conferences with the expert and Plaintiff so that they could understand and familiarize themselves with the vehicle's deficiencies, its defects, and the expert's contentions and subsequently present Plaintiff's case. *See Gatreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 661 (7th Cir. 2007) ("Use of one or more lawyer[s] is a common practice, primarily because it often results in more efficient distribution of work."). Although Defendant only had one attorney primarily represent it, Plaintiff had the burden of proof in the case. Moreover, Plaintiff's counsel would likely have recovered none of the expenses they incurred and no fee for the time they invested in the case if they did not prevail. Under these circumstances, it is therefore not unreasonable for Plaintiff's counsel to take the additional steps they deemed necessary to successfully prosecute the action. The court concludes this work was not duplicative.

Defendant also argues that the time expended by two attorneys and a paralegal to complete the Lemon Law notice and the Rule 26 disclosures was unnecessary. But it is not unreasonable for a single task to be broken down over several time periods and for a number of individuals to contribute to the end product. The court does not find these examples cited by Defendant to be duplicative or otherwise unreasonable.

Finally, the time spent by Plaintiff's counsel on internal communications regarding strategy was not duplicative. "The practice of law often, indeed usually, involves significant periods of consultation among counsel. Talking through a set of authorities or seeking advice on a vexing problem is often significantly more efficient than one attorney's trying to wade through the issue alone." *Tchemkou v. Mukasey*, 517 F.3d at 511–12 (7th Cir. 2008). Indeed, having the viewpoint of more than one attorney may have been beneficial in this case. Plaintiff contends that this case was not a routine Lemon Law case, as it involved the purchase of a chassis that was converted into

6

a heavy-duty truck used to transport milk. That the case did not settle until the eve of trial supports Plaintiff's assertion that this case was, in fact, complex. There is nothing inherently unreasonable about a client retaining multiple attorneys, especially in a complex civil case, and the court finds that the collaboration of Plaintiff's counsel was acceptable. The court concludes that a further reduction in fees is not required.

Defendant next argues that Plaintiff's counsel engaged in excessive billing for routine or boilerplate pleadings and discovery. In particular, Defendant contends that the hours spent by Plaintiff's counsel in drafting the complaint was excessive. Plaintiff's counsel billed 11.5 hours for drafting the initial complaint. Plaintiff maintains that, while pleadings are generally similar in form, the documents are fact-specific to each case. Again, this case was unique in that it involved a heavy-duty truck with expensive repair history. As a result, Plaintiff's counsel was required to understand the problems with this particular vehicle and evaluate the potential claims that could be asserted in the initial pleading. The court concludes that the time required in preparing the complaint was not excessive.

Defendant also challenges the time expended in drafting initial discovery, notices of deposition, and subpoenas. Plaintiff's counsel spent 5.2 hours drafting initial discovery to Defendant and 8.65 hours drafting notices of deposition and subpoenas. Plaintiff indicates that the problems with his vehicle and its significant repair history made the discovery in the case more complex. Plaintiff's counsel was required to engage in substantial research regarding the vehicle's distinct problems. Because the vehicle was serviced at several dealerships with several technicians working on it, Plaintiff's counsel was also required to depose each individual involved with the warranty repairs and subpoena the employees of each dealership. Counsel's argument supports the

7

amount claimed for drafting initial discovery, but not the amount of time for drafting notices of deposition and subpoenas. Though there were multiple individuals deposed, counsel fails to explain what was so unique about each one or the documents requested that almost nine hours was needed. The court therefore reduces the time spent preparing deposition notices and subpoenas by three hours at Attorney Grzeskowiak's rate of $375 per hour for a reduction of $1,125. The remaining amount of time spent drafting and reviewing discovery documents in the context of the unique circumstances surrounding this case was reasonable.

Finally, Defendant complains about the 19.15 hours spent drafting the instant motion for attorneys' fees and costs. It argues that the motion is similar to documents filed by Plaintiff's counsel in other cases. The court acknowledges that a motion for attorneys' fees requires an analysis of the fifteen factors listed in Wis. Stat. § 814.045, an explanation of how each factor applies in the context of this case, and the gathering of documentation to support the fee request. The court ultimately agrees that much of the legal argument made here is similar to a previously filed fee motion in an unrelated case. *See Stanley Walter Septic Tank Cleaning, LLC v. Mak Trucks, Inc.*, No. 12-CV-00317, ECF No. 85 (E.D. Wis.). The court therefore concludes that a 10% reduction to the time Grzeskowiak spent drafting the fee motion is appropriate. Accordingly, the court will deduct 1.41 hours of Grzeskowiak's time.

Defendant also argues that Plaintiff's attorneys have improperly charged for administrative or clerical work. Courts do now allow fees for "those hours expended by counsel 'on tasks that are easily delegable to non-professional assistance.'" *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999) (citation omitted); *see also Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1025 (N.D. Ill. 2016) ("Courts have recognized that 'organizing file folders, preparing documents, copying documents, assembling filings, electronically filing documents, sending

materials, docketing or "logging" case events into an internal case tracking system, and telephoning court reporters to be clerical' tasks for which fees should not be awarded." (quoting *Delgado v. Vill. of Rosemont*, No. 03-C-7050, 2006 WL 3147695, at *2 (N.D. Ill. Oct. 31, 2006))). In multiple instances, Plaintiff's attorney and paralegal charged for scheduling, preparing documents, and scanning documents. Although calendaring deadlines ensures timely compliance with these deadlines, this is the type of task that should have been delegated. But the remaining time entries challenged by Defendant are for legal work properly performed by an attorney or paralegal, such as communicating with the client, reviewing client documents, preparing deposition exhibits, completing the Lemon Law notice, reviewing the Federal Rules of Civil Procedure, and discussing trial strategy. The court finds that Plaintiff's counsel improperly billed $504.75 for clerical work, and Plaintiff's fee award will accordingly be reduced by that amount.

Lastly, Defendant claims that the attorneys and paralegal used both 0.10 and 0.25 time increments to bill in this matter. Plaintiff contends that his attorneys' regular practice is to bill time in 0.10 and 0.25 hour increments to ensure precise and accurate billing. The court finds that this billing practice is not unreasonable.

**CONCLUSION**

For these reasons, Plaintiff's motion for attorneys' fees and costs (ECF No. 38) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendant shall pay to Plaintiff the amount of $289,974.50 in attorneys' fees and costs. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this  5th  day of April, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court